**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

KRIST YEREMYAN,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER,

Respondent.

Case No. EDCV 26-00868-MRA(AS)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRTE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the attached Report and Recommendation of United States Magistrate Judge, and Petitioner's Objections to the Report and Recommendation.

In this habeas action challenging immigration detention, the Court ordered Petitioner's release from detention, and Petitioner was released on March 11, 2026. (ECF Nos. 16, 17, 20.) The Report recommends the denial of the Petition as moot. (ECF No. 31.)

Petitioner’s objections to the Report do not merit a different outcome.

Petitioner objects that, although he was released from physical detention, he remains subject to substantial restraints. (ECF No. 32 at 1-3.) The restraints are continuous GPS ankle monitoring, in-person reporting requirements twice per month, monthly home visits, and restrictions on travel outside California without authorization. (*Id.*) But Petitioner did not seek relief from any such conditions in his Petition. Instead, he sought only “immediate release under reasonable conditions” or “any other relief the Court deems just and proper.” (ECF No. 1 at 7.) Likewise, Petitioner’s application for a temporary restraining order sought only a bond hearing, release “under reasonable supervision pending resolution of removal proceedings,” or “any further relief this Court deems just and proper.” (ECF No. 2 at 11-12.) As the Report found, Petitioner did not seek relief from any collateral consequences that could be remedied by a successful ruling on the Petition. (ECF No. 31 at 5 (citing *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (dismissing petition as moot because detainee was challenging “only the length of his detention at the INS facility” and “the original petition did not seek to redress collateral consequences arising from his deportation”)).

Petitioner objects that he remains subject to the continuing possibility of re-detention, particularly because Respondents continue to erroneously classify him as an arriving alien for purposes of immigration detention. (ECF No. 31 at 2, 4.) But the

Court made a finding that Petitioner is not an arriving alien and eventually ordered his release. (ECF No. 7 at 5-6; ECF No. 16 at 2.) And only yesterday, the Ninth Circuit Court of Appeals confirmed that non-citizens like Petitioner are not arriving aliens for purposes of immigration detention. *See Rodriguez Vasquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026). Moreover, Petitioner concedes that the immigration judge instructed Respondents' counsel "to correct the error" as to Petitioner's classification. (ECF No. 32 at 4.) Thus, there appears no likelihood that Respondents will re-detain Petitioner on the ground that he is an arriving alien subject to mandatory detention.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of those portions of the Report to which Objections were directed. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

//

//

//

//

//

**IT IS ORDERED** that Judgment be entered denying the Petition as moot, and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment herein on Petitioner, who is pro se.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 31, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE