**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — EASTERN DIVISION**

| | |
|---|---|
| KRIST YEREMYAN, | Case No. EDCV 26-868-MRA (AS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION OF A** |
| WARDEN, ADELANTO ICE PROCESSING CENTER, et al., | **UNITED STATES MAGISTRATE JUDGE** |
| Respondents. | |

This Report and Recommendation is submitted to the Honorable Monica Ramirez Almadani, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**DISCUSSION**

On February 23, 2026, Krist Yeremyan ("Petitioner"), an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Facility in Adelanto, California, proceeding pro se, filed a Petition for

Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") claiming that he was being detained without any opportunity for release on bond, in violation of his rights. (Dkt. No. 1). Specifically, Petitioner alleged that he was being misclassified as an "arriving" noncitizen subject to mandatory detention. (See id. at 2, 6-7, 10). The Petition requests that the Court "order [Petitioner's] immediate release under reasonable conditions or grant any other relief the Court deems just and proper." (Id. at 7). The Petition was accompanied by an Ex Parte Application for Temporary Restraining Order ("TRO") to require Respondents to provide him with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), or alternatively, to release him. (Dkt. No. 2).

On February 26, 2026, the Court determined that Petitioner was not subject to mandatory detention and was instead entitled to a bond hearing. (Dkt. No. 7). The Court thus granted the TRO Application and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to § 1226(a) within seven days. (Id. at 8). On March 5, 2026, Respondents filed a response arguing that the Petition and requested preliminary injunction were moot because Petitioner had received a bond hearing on March 3. (Dkt. No. 8). They attached a March 3 order from the immigration judge indicating that Petitioner had withdrawn his bond request. (Dkt. No. 8-1 at 3). Petitioner subsequently responded by explaining to the Court that he had not been provided any advance notice or opportunity to prepare for the hearing, and the immigration judge had encouraged him to withdraw

his request because she was likely to deny it due to Petitioner's lack of supporting documentation. (Dkt. No. 14).

On March 10, 2026, the District Judge reviewed these facts and concluded that Respondents had failed to substantively comply with the TRO. (Dkt. No. 16). The Court therefore ordered Respondents to release Petitioner immediately. (Id. at 2). Respondents subsequently filed confirmation that Petitioner had been released from immigration detention on March 11. (Dkt. Nos. 17, 20).

Respondents were then ordered to file an Answer to the Petition (Dkt. No. 25), and they did so on April 30, 2026 (Dkt. No. 28). Respondents' Answer contends that Petitioner's March 11 release from custody moots the Petition. (Id. at 2-4). Petitioner did not file a reply.

Whether Petitioner's release from custody pursuant to the preliminary injunction caused the Petition to be moot depends on whether the Petition continues to present a case or controversy under article III, § 2, of the United States Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Thus, "[t]o maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." Abdala v. INS, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (internal quotation marks and citation omitted). "This means that, throughout the

3

litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (internal quotation marks and citation omitted).

As a general matter, the fact that a habeas petitioner has been temporarily released from custody pursuant to a TRO or preliminary injunction does not necessarily moot the underlying habeas petition. See Nielsen v. Preap, 586 U.S. 392, 403 (2019). This is because these forms of preliminary relief "do not conclusively resolve legal disputes," but instead involve only a determination that "a plaintiff is likely to succeed on the merits." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). Preliminary relief serves only to "preserve the relative positions of the parties until a trial on the merits can be held" and should not be taken as "tantamount to [a] decision[] on the underlying merits." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). Because a preliminary injunction involves no final determination of the merits and has no continuing effect beyond the entry of judgment, there may still be a live controversy as to any remaining requests for relief. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala, 488 F.3d at 1064 (citing Spencer, 523 U.S. at 7).

Here, the Petition seeks only release from immigration detention. (See Petition at 7). Petitioner's TRO Application sought

4

only a bond hearing or release. (See TRO Application at 11-12). Nowhere in the Petition or the TRO Application does Petitioner request any specific prospective relief, and Petitioner has asserted no collateral consequences that can be remedied by a successful ruling on the Petition. Petitioner's March 11 release from custody cures his complaints about being detained without an opportunity for release on bond. See Abdala, 488 F.3d at 1064 (dismissing petition as moot because detainee was challenging "only the length of his detention at the INS facility" and "the original petition did not seek to redress collateral consequences arising from his deportation"). Because Petitioner has received all the relief that he sought, the Petition is moot.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the district judge issue an Order: (1) accepting this Report and Recommendation; (2) denying the Petition as moot; and (3) directing that Judgment be entered accordingly.

DATED: May 22, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file

5

Objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.